IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINO MAGANALLEZ & MARY MAGANALLEZ,<br><br>          Plaintiffs,<br><br>   v.<br><br>HILLTOP LENDING CORPORATION, et al.,<br><br>          Defendants.                   / | No. C 06-07340 SI<br><br>**ORDER RE: DISCOVERY** |

      Via numerous letter briefs, the parties seek resolution of a variety of discovery-related disputes. The Court rules as follows.

      This case centers on allegations that defendants misled plaintiffs into placing an economically burdensome mortgage on their home. On April 25, 2007, the Court issued an order granting in part defendants' motion to dismiss. At a subsequent case management conference, the Court ordered plaintiffs to file their first amended complaint by June 15, 2007, and ordered the parties to schedule the depositions of defendants Lisa Kaur and Hilltop Lending for the week of May 28 or June 4, 2007. On June 4, 2007, plaintiffs filed the first of five letter briefs at issue.

      Plaintiffs seek Court intervention on four issues. First, plaintiffs seek an extension of the date by which they must file their first amended complaint. Plaintiffs request an extension because they have yet to complete depositions of the defendants. It appears that the parties have only been able to complete a half-day of deposition of one of the defendants, Thanh Ngoc Nguyen. Mr. Nguyen appeared in his individual capacity and as the corporate representative of defendant Hilltop Lending. The parties are apparently struggling to find a mutually convenient date on which to complete his deposition.

Deposition for another named defendant, Lisa Kaur, has not been scheduled because defense counsel is unable to locate her. In light of these circumstances, the Court GRANTS plaintiffs request. Plaintiffs must file their first amended complaint no later than one week after completion of the Nguyen deposition, or July 6, 2007, whichever comes first.

The second issue involves plaintiffs' first set of requests for production of documents. Plaintiffs argue that defendants have not adequately responded. Defendants contend that they provided responsive documents at the June 13 deposition of Mr. Nguyen, and are awaiting further meet and confer efforts from plaintiffs to determine what categories of documents are still at issue. The Court ORDERS the parties to further meet and confer regarding the first set of requests for production of documents. If the parties are unable to resolve their disputes, plaintiffs may bring a motion to compel, in accordance with Civil Local Rule 37-2.

The third issue is whether plaintiffs must respond to interrogatories and document requests propounded by defendant Lisa Kaur. Plaintiffs contend that because Kaur has not made herself available for deposition, and in fact, her whereabouts are unknown, plaintiff should not be required to respond to discovery propounded by Kaur. The Court agrees. Plaintiffs need not respond to any discovery propounded by defendant Kaur unless and until Kaur begins to participate in the discovery process.

The final issue is whether plaintiffs must submit to deposition before Kaur does. Because there are other defendants, namely Nguyen and Hilltop Lending, that are actively engaged in the discovery process, the Court must DENY plaintiffs' request to postpone their depositions.

As a final note, the Court reminds the parties that it is their obligation to fully participate in the discovery process, to facilitate the free flow of relevant information and evidence, and to make sincere efforts to resolve their discovery-related disputes without court intervention.

**IT IS SO ORDERED.**

Dated: June 19, 2007

SUSAN ILLSTON
United States District Judge